FILED

2026 Apr-02  PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC, | ) ) ) ) ) ) ) | |
| | ) | Case No. 2:24-cv-01423-SGC |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BLUESTONE COKE, LLC, *et al.*, | ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**[1]

This lawsuit alleges an employer breached a collective bargaining agreement when it laid off a union member with greater seniority than a worker the employer retained.  The plaintiff, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC, (the "Union") filed the complaint, naming Bluestone Coke, LLC, Bluestone Coal Corporation, and Bluestone Resources, Inc., (collectively, "Bluestone") as defendants.  (Doc. 1).[2]  The complaint seeks an order enforcing an arbitration award

---

[1] The parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c).  (Doc. 9).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __).

against Bluestone.  Presently pending is the Union's motion for summary judgment. (Doc. 16; *see* Doc. 17).  Bluestone has not responded, and the deadline to do so has expired.  (*See* Doc. 11 at 5).  As discussed below, the motion will be granted, and summary judgment will be entered in favor of the Union.

## I.    STANDARD OF REVIEW

Under Rule 56 of the *Federal Rules of Civil Procedure*, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  Once the moving party has met its burden, the non-moving party must go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial.  *See id.* at 324.  A party's failure to respond to an adversary's motion for summary judgment does not automatically entitle the movant to summary judgment; the court cannot enter summary judgment without considering the merits of the motion.  *See Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629,

2

632 (11th Cir. 1988)

The substantive law identifies which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome of the case will preclude summary judgment. *Id.* All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249

## II.   FACTS

Bluestone produced metallurgical coke at a facility in Birmingham. The Union and Bluestone were parties to a collective bargaining agreement (the "CBA"), covering the employees at the Birmingham facility. (Doc. 1-1; *see* Doc. 1-2 at 2). The CBA includes a procedure for resolving employee grievances. (Doc. 1-1 at 53-59). Any unresolved grievances are finally decided by binding arbitration. (*Id.* at 56-57). In the event of layoffs, the CBA requires that employees with greater seniority be given the option to retain their jobs over employees with less seniority. (*Id.* at 12-13).

In November 2021, Bluestone implemented layoffs at the Birmingham

facility.  (Doc. 1-2 at 3).  Randall Fowler—a Bluestone employee with 28 years seniority—was laid off, while an employee with less seniority was retained.  (*Id.* at 3-4).  At that time, Fowler was working 40 hours a week at $23.87 per hour.  (Doc. 17-1 at 3).  The Union initiated the grievance procedure on Fowler's behalf but was unable to resolve the issue with Bluestone.  (Doc. 1-2 at 2).  The parties proceeded to arbitration, which resulted in a fully favorable decision for the Union on December 26, 2022.  (*Id.* at 1).  The arbitrator found Bluestone violated the CBA's seniority protections when it laid off Fowler but retained an employee with less seniority.  (*Id.* at 8).  The arbitration award required Bluestone to reinstate Fowler and make him whole, including "backpay, seniority, and all benefits to which he is entitled."  (*Id.* at 9).  Meanwhile, Bluestone closed the Birmingham facility in November 2022, after which no employees worked there.  (Doc. 17-1 at 3)

Despite repeated requests from Kevin Key, a Union representative, Bluestone did not reinstate Fowler, provide backpay, or otherwise comply with the arbitration award.  (Doc. 17-1 at 2).  Instead, Bluestone continued to employ the less senior employee for 40 hours per week until it closed the Birmingham facility.  (*Id.* at 3).  At no point did Bluestone move to vacate the arbitration award.  (Doc. 1 at 4).

## III.    DISCUSSION

This court has subject matter jurisdiction over this matter via section 301 of the Labor Management Relations Act ("LMRA"), which authorizes federal courts to

enforce and vacate arbitration awards involving labor unions.  29 U.S.C. § 185; *Gen. Drivers, Warehousemen & Helpers, Loc. Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963).  "Absent exceptional circumstances, an arbitrator's interpretation of the collective bargaining agreement is final and binding on the parties because it is the interpretation that is bargained for by the parties."  *Drummond Coal Co. v. United Mine Workers of Am., Dist. 20*, 748 F.2d 1495, 1497 (11th Cir. 1984).  Indeed, courts will enforce an arbitrator's decision so long as it is arguably based on the language of the collective bargaining agreement.  *IMC-Agrico Co. v. Int'l Chem. Workers Council*, 171 F.3d 1322, 1326 (11th Cir. 1999).  Additionally, a party wishing to challenge an arbitration award must do so by filing a motion to vacate within three months after the award is issued.  *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL–CIO v. Wise Alloys, LLC*, 642 F.3d 1344, 1352–53 (11th Cir. 2011).

Here, the arbitration award clearly is based on the CBA's language. Specifically, the CBA provides a Bluestone employee can avoid layoffs by selecting an employee with less seniority to be laid off instead.  The arbitrator reasonably concluded Bluestone violated this provision of the CBA when it laid off Fowler but retained an employee with less seniority.  To the extent this factual determination was ever at issue in this court, it is now established via Bluestone's failure to respond to the Union's properly supported motion for summary judgment.  Additionally,

Bluestone's failure to file a motion to vacate within three months of the December 2022 arbitration award forecloses as time-barred any possibility of challenging it.

The arbitration award required Bluestone to reinstate Fowler and award him backpay. Reinstatement is no longer an option following closure of the Birmingham facility. Accordingly, the Union seeks backpay for the year that elapsed between Fowler's layoff in November 2021 and the closure of the Birmingham facility in November 2022. (Doc. 17 at 8-9). Union representative Key, who is familiar with back pay calculation methods, avers that Fowler's back pay comes to $49,649.60. (Doc. 17-1 at 3). Key arrived at this figure by multiplying Fowler's hourly rate by the hours he would have worked for the year that elapsed between the lay off and the closure of the Birmingham facility. (Doc. 17-1).[3] This straightforward calculation is reasonable, unambiguous, and uncontroverted by Bluestone. Accordingly, the backpay requested by the Union will be awarded here. *See United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Smurfit-Stone Container Corp.*, 479 F. App'x 250, 254 (11th Cir. 2012) (salary properly used to calculate back pay, and remanding to the arbitrator for a simple mathematical computation would be a "pointless gesture").

The Union also seeks prejudgment interest and attorney fees. (Doc. 17 at 9). The award of prejudgment interest is discretionary. *Blasland, Bouck, & Lee, Inc. v.*

---

[3] $23.87 (hourly rate) x 40 (hours per week) x 52 (weeks) = $49,649.60

*City of Miami,* 283 F.3d 1286, 1298 (11th Cir. 2002). The LMRA is silent regarding prejudgment interest, but courts may award prejudgment interest in the interest of fairness. *See Blau v. Lehman,* 368 U.S. 403, 414 (1962). Courts, including those sitting in this district, have awarded prejudgment interest in LMRA cases ordering backpay. *Millcraft–SMS Servs., LLC v. United Steel Workers of Am.,* 346 F.Supp.2d 1176, 1186–87 (N.D. Ala. 2004). Here, prejudgment interest is warranted given Bluestone's years-long refusal to comply with the arbitration award. First, prejudgment interest is justified by the importance of, and preference for, settling labor grievances via arbitration. *Id.* Next, prejudgment interest constitutes an element of the complete compensation necessary to make Fowler whole. *Id.*; *see Smurfit-Stone*, 479 F. App'x at 255. Accordingly, prejudgment interest on Fowler's backpay will be awarded from the date of the Arbitrator's decision.

As to attorney fees, the Union seeks them as a sanction due to Bluestone's failure to comply with the arbitration award. (Doc. 17 at 10). In support, the Union cites one case, *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905 (11th Cir. 2006). There, the Eleventh Circuit considered sanctioning a contractor that filed a motion to vacate an adverse arbitration award despite having no sound basis for the challenge. *Id.* at 913-14. The facts of the instant case are distinguishable from those presented in *Hercules Steel*. Crucially, Bluestone did not file a motion to vacate the arbitration award in this case. Rather, the Union initiated this matter, seeking to

7

enforce the arbitrator's decision. While Bluestone has not complied with the arbitration award, it has not actively litigated to undermine it or otherwise engaged in meritless legal maneuvers; it was passively drawn into court.[4] This stands in contrast with LMRA cases in which attorney fees were levied as a sanction. *See, e.g., Inversiones y Procesadora Tropical INPROTSA, S.A. v. Del Monte Int'l GmbH*, 783 F. App'x 972, 974 (11th Cir. 2019); *Hill v. CAG2 of Tuscaloosa, LLC*, No. 19-2044-LSC, 2020 WL 3207615, at *3 (N.D. Ala. June 15, 2020). Accordingly, attorney fees are not warranted here.

## IV.   CONCLUSION

For all the foregoing reasons, there are no genuine issues of material fact, and the plaintiff is entitled to judgment as a matter of law. The plaintiff's motion for summary judgment will be granted and judgment will be entered in its favor. The arbitration award is due to be enforced, including prejudgment interest on the back pay amount due from the date of the arbitration award. This award of prejudgment interest will effectuate the "make whole" remedy the arbitrator already determined to be appropriate. It will also ensure that the lost wages amount awarded is not eroded by inflation, and it will lessen the financial advantage of the defendants' delay.

---

[4] Indeed, Bluestone's only litigation activity here was to file an answer denying the allegations in the complaint. (Doc. 6). As previously noted, Bluestone didn't even bother to respond to the Union's motion for summary judgment.

A separate order will be entered.

**DONE** this 2nd day of April, 2026.

_____
STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE